UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM T. ANTEPENKO, JR.,

                Plaintiff,

  v.                                            Case No. 17-cv-1211-pp

DR. DOMROIS,
RICHARD BUBOLZ,
LEE BECHER,
DANIELLE FOSTER,
DAWN FOFANA, and
M. LEE,

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)

---

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. Under that law, the court must screen the plaintiff's complaint to determine whether the plaintiff states claims with which he may proceed. In addition to filing a complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. This decision screens the complaint and resolves the plaintiff's motion.

    I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he

meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On September 12, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $7.52 by October 2, 2017. Dkt. No. 6. The plaintiff paid the fee on September 27, 2017. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee, and will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States;

2

and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    A.    *The Plaintiff's Allegations*

The plaintiff explains that his dentures do not fit properly. Dkt. No. 1 at 4. As a result, they sometimes fall out of his mouth while he's talking, cause pain and sore spots, and prevent him from eating certain foods. Id. at 4-5. He states that he needs a soft liner and Fixodent to help them stay in his mouth, but that he cannot afford to buy Fixodent at the canteen. Id. at 4.

According to the plaintiff, he has informed defendant Dr. Domrois on numerous occasions that his dentures do not fit. Id. Domrois allegedly has tried two times to fix the dentures, which were made for the plaintiff by an outside provider, but the dentures still do not fit. Id. The plaintiff states that Domrois refuses to get new dentures for the plaintiff; he has told the plaintiff that the problem is with his gum line. Id. at 4-5.

The plaintiff also states that Domrois will not provide him with a prescription for Fixodent to help the dentures fit better. Id. Domrois allegedly told the plaintiff that he could apply for a medical loan, but the health services staff told the plaintiff that he could not use a medical loan to buy Fixodent. Id.

Regardless, it appears that the plaintiff no longer wishes to use Fixodent to help his dentures fit better; he explains that he recently learned that excessive use of Fixodent, which contains Zinc, can lead to serious health problems. Id. at 5-6.

The plaintiff filed an inmate complaint, which was investigated by defendant Richard Bubolz. Id. at 3-4. Bubolz reviewed the plaintiff's banking information and spoke to defendants Danielle Foster, Dawn Fofana and M. Lee. Id. at 4. According to the plaintiff, in deciding to dismiss the plaintiff's complaint, Bubolz concluded, "This office has no reason to believe the care, treatment, and responses offered are not adequate to the demonstrated need." Id. at 5. Becher concurred with Bubolz's decision.

B.  *The Court's Analysis*

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). Id. The court will allow the plaintiff to proceed on a deliberate indifference claim against Domrois based on his allegations that Domrois failed to address the plaintiff's repeated complaints that his dentures do not fit and are causing him pain.

The court will dismiss the remaining defendants. Under §1983, only prison officials who are personally responsible for a constitutional violation can be liable. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). In other words, in order for a plaintiff to state a claim against a defendant, that individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).

With regard Bubolz and Becher, the plaintiff alleges that Bubolz dismissed his inmate grievance after investigating the plaintiff's claims and that Becher agreed with the dismissal. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." George v. Smith, 507 F.3d 605, 609–10 (7th Cir.2007). Similarly, the plaintiff asserts that Bubolz interviewed Foster, Fofana and Lee in the course of his investigation, but the mere fact that Bubolz spoke to them is not enough for the court to infer that they were personally involved in the alleged violation of the plaintiff's rights.

III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Richard Bubolz, Lee Becher, Danielle Foster, Dawn Fofana and M. Lee as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS**, the clerk's office to electronically

send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendant Dr. Domrois.

Under the informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendant Dr. Domrois to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $342.48 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff,

who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises the plaintiff that if he does not file his pleadings or other documents by the deadlines the court sets, it may result in the dismissal of his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 26th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.