UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM T. ANTEPENKO, JR.,

                Plaintiff,

  v.                                              Case No. 17-cv-1211-pp

MARK DOMROIS,

                Defendant.

**DECISION AND ORDER DENYING PLAINTIFF'S AMENDED PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 18) AND DENYING PLAINTIFF'S AMENDED MOTION TO USE FUNDS FROM HIS RELEASE ACCOUNT TO PURCHASE DENTAL ADHESIVE (DKT NO. 19)**

The plaintiff, a Wisconsin state prisoner who is representing himself, is proceeding on a deliberate indifference claim against defendant Dr. Mark Domrois, based on his allegations that the defendant failed to address the plaintiff's many complaints about his ill-fitting and painful dentures. Dkt. Nos. 1, 9. On January 9, 2017, the plaintiff filed a motion for temporary restraining order (TRO) and/or preliminary injunction. Dkt. No. 14. The court received an amended version of the motion on February 16, 2018. Dkt. No. 18. In early February, the plaintiff also filed a motion for order to use funds in his release account to purchase dental adhesive. Dkt. No. 16. The court received the amended version of that motion on February 16, 2018. Dkt. No. 19. The court will deny both motions.

## I.  Amended Motion for TRO/Preliminary Injunction

In his original petition for a TRO and preliminary injunction, the plaintiff asked the court to issue a TRO and grant preliminary injunctive relief "for the following issues stated above." Dkt. No. 14. At 2. He explained that while housed at Oshkosh Correctional Institution, he could not "receive any dental treatment or care that may come up," because he had two cases pending against the institution, and that this would create a conflict of interest.[1] Id. at 2. He asserted that the Health Services Unit and dental services were in the same building, and said that being at Oshkosh put him "at an unnecessary risk of mistreatment by institution staff." Id. He concluded by asking the court to order that he be transferred to another medium security institution. Id. In the amended motion (which the plaintiff captioned "motion for reconsideration," even though the court had not yet ruled on the original motion), the plaintiff took out the paragraph numbers, and added a certification at the end stating that the facts in the amended motion were true and correct to the best of his knowledge. Dkt. No. 18.

To obtain preliminary injunctive relief, whether through a TRO or a preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the

---

[1] This is the plaintiff's only pending case against an individual at his current institution. The court recently dismissed the other case to which he refers. See Antepenko v. Smith, Case No. 16-cv-1233, Dkt. No. 39 (E.D. Wis. Feb. 1, 2018).

court then balances the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint).

The court will deny the plaintiff's amended motion. Even if the plaintiff's underlying case has a reasonable likelihood of success on the merits (and the court does not decide that today), and even if the plaintiff had no adequate remedy at law (in other words, if money would not make things right for him), he has not demonstrated that he will suffer irreparable harm if the court does not issue injunctive relief. He has not provided the court with any information supporting his claim that he cannot receive medical or dental care while this case is pending. The plaintiff does not indicate that anyone at the institution, including the defendant, made comments or otherwise suggested that health care providers will refuse to treat his medical and dental needs. As far as the

court can tell, the plaintiff is assuming that because he has sued Dr. Domrois, OCI will refuse to treat him. An assumption is not enough to show irreparable harm.

In addition, the plaintiff seeks very broad injunctive relief. With respect to preliminary injunctive relief regarding prison conditions, Congress has mandated that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief [.]" Id.

The plaintiff's request for a transfer to a different institution is beyond the scope of what the court can order in any narrowly tailored preliminary injunction. See id.; Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'") (quoting Hewitt v. Helms, 459 U.S. 460, 467 (1983)). For the court to step in and tell the Department of Corrections where to place inmates would be "highly intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution." Capoeria v. Pollard, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016) (citing Baird v. Hodge, Case No. 13–cv–0376–MJR–SCW, 2013 WL 6493694, at *8–9 (S.D. Ill. Dec. 10,

4

2013)). If, in the future, the plaintiff could demonstrate that he had medical or dental issues and that the facility was refusing to treat those issues, he could seek much more narrowly-tailored relief, such as an order directing the staff to provide treatment.

The court will deny the plaintiff's amended motion for injunctive relief.

**II.     Motion to Use Release Account to Purchase Dental Adhesive**

In his original motion, the plaintiff asked the court to permit him to withdraw $29.84 from his release account so that he could buy four tubes of denture adhesive at the commissary. Dkt. No. 16. The plaintiff explained that he did not have sufficient funds to buy the adhesive, and that without it, his dentures do not stay in his mouth, making it difficult for him to eat and talk. Id. He also states that he needs to keep his dentures in his mouth to prevent his lower teeth from cutting into his upper gums, causing pain and bleeding. Id. The amended motion again removes the paragraph numbers, and adds a certification at the end. Dkt. No. 19.

The court understands the plaintiff's desire to purchase dental adhesive, but it will not order the institution to allow the plaintiff to use funds in his release account for that purpose. Under Wis. Admin. Code DOC §309.466(2), "Prior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the [Department of Corrections] for incarceration costs . . . ." Buying dental adhesive does not fall into the category of aiding the plaintiff's reintegration into the community, nor does it reimburse

the DOC for incarceration costs. The regulation does not authorize the use of release account funds to buy medical or hygiene supplies.

Courts in this district have relied on the Prison Litigation Reform Act (PLRA) to permit prisoners to use release account funds to pay portions of their filing fees. See e.g., Guman v. Bailey, No. 09–CV–106, 2009 WL 1687578, at *1–2 (E.D. Wis. June 15, 2009); Doty v. Doyle, 182 F.Supp.2d 750, 751–52 (E.D. Wis. 2002); Spence v. McCaughtry, 46 F.Supp.2d 861 (E.D. Wis. 1999). But that law does not authorize courts to allow prisoners to use release account funds for medical or hygiene supplies, either. Because the court could not find a law or rule that would allow it to let a prisoner release account funds for anything other than reintegrating into the community, reimbursing the DOC or paying filing fees, the court has no basis for granting the plaintiff's motion.

## III. Conclusion

The court **DENIES** the plaintiff's amended motion for temporary restraining order/preliminary injunction. Dkt. No. 18.

The court **DENIES** the plaintiff's amended motion for order to use funds from his release account to purchase dental adhesive. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 26th day of February, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**