UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM T. ANTEPENKO, JR.,

                Plaintiff,

v.                                              Case No. 17-cv-1211-pp

MARK DOMROIS,

                Defendant.

**DECISION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (DKT NO. 23)**

        The plaintiff, a Wisconsin state prisoner who is representing himself, is proceeding on a deliberate indifference claim against defendant Dr. Mark Domrois, based on his allegations that the defendant failed to address the plaintiff's many complaints about his ill-fitting and painful dentures. Dkt. Nos. 1, 9. On January 9, 2017, the plaintiff filed a motion for temporary restraining order (TRO) and/or preliminary injunction. Dkt. No. 14. The court denied that motion on February 26, 2018. Dkt. No. 22. A few weeks later, the plaintiff filed a motion for reconsideration. Dkt. No. 23. The court will deny his motion.

        In his original petition for a TRO and preliminary injunction, the plaintiff stated that he would not be able to "receive any dental treatment or care that may come up" because he had cases pending against the institution, which (in his opinion) would create a conflict of interest. Dkt. No. 14 at 2. The court denied the plaintiff's motion, finding that he had not demonstrated that he would suffer irreparable harm if the court did not grant injunctive relief. Dkt.

1

No. 22 at 3. The court pointed out that the plaintiff had not provided the court with any information supporting his claim that he would not receive medical or dental care while this case is pending. Id. The court explained that the petitioner's assumption that he would not receive care was not enough to show irreparable harm. Id. at 4.

In his motion for reconsideration, plaintiff asserts that, on March 4, 2018, "he sent dental services a dental request form informing them that he was in need of a new soft liner and that his denture was causing sore spots and pain." Dkt. No. 23 at 2. The plaintiff asserts that, about a week later, the dental hygienist saw him for a routine cleaning. Id. The dental hygienist told the plaintiff that someone would see him for a new liner in six to eight weeks, and that he would have to pay a copay of $7.50 each time he received a new liner. Id. The plaintiff alleges that he told the dental hygienist that they cannot charge him for a preexisting condition, but the dental hygienist responded that "it was a new policy." Id. at 3.

The plaintiff explains that the soft liners he uses for his dentures last only sixty to ninety days, which means "every couple of months" he will have to pay $7.50. Id. The plaintiff asserts that he needs an off-site dental exam and treatment. Id. at 4.

The plaintiff acknowledges that he is receiving dental care. He notes that a dental hygienist saw him in early March for a routine cleaning, and that that hygienist told him that someone would see him for a new liner in the next six to eight weeks. The plaintiff's original request for injunctive relief expressed

concern about whether he would receive dental care. Now, in the motion to reconsider, he admits that he is receiving dental care, but complains about the care he is receiving and the fact that he is required to make a copay. The question of whether the plaintiff should have to pay a copay has nothing to do with the deliberate indifference claim on which the court allowed him to proceed. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint). For that reason alone, it is not proper for the court to grant injunctive relief.

Further, the obligation to pay a copay to receive dental liners is not an injury for which there is "no adequate remedy at law;" an award of money would fix the alleged harm the plaintiff will suffer from having to pay for his dental liners. See Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007) (holding that to obtain preliminary injunctive relief, a plaintiff must show, in part, that no adequate remedy at law exists.)

In sum—the plaintiff's original petition for injunctive relief did not state appropriate grounds for that relief. This motion to reconsider is less compelling

than the original request, and the court will deny it.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 23.

Dated in Milwaukee, Wisconsin, this 26th day of April, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**